Judge Owsley
delivered the opinion of the court.
The heirs of James Hawkins, deceased, having obtained a judgment for the land now in contest, King exhibited his bill in equity for the purpose of enjoining the proceedings at law, and obtaining a conveyance of their title.
King asserted his equity under a purchase made by him of a certain Walter Wyatt. He charges in his bill that the ancestor, James Hawkins, had previously sold the land to Wyatt, and supposing that Wyatt was invested with the title, he was induced, by the advice of the said James, to make the purchase, and accordingly received from Wyatt his obligation for a conveyance.
The heirs of Hawkins, by their answer, deny that their ancestor either sold the land to Wyatt, or advised the sale to King, and insist that they ought not to be compelled to surrender their legal title.
On a hearing in the court below, a decree was pronounced compelling the heirs to convey; and to reverse that decree, this writ of error has been prosecuted.
The evidence in the cause satisfactorily proves that James Hawkins advised the sale to King; but there is no evidence other than that resulting from the circumstance of his ad *109 vising the sale, conducing, in the slightest degree, to shew that Hawkins had previously sold the land, or was under any obligation to convey to Wyatt.
The holder of a legal title, though he advises a vendee to purchase the lands of a stranger, will not be compelled to convey to the vendee, unless there is a written contract evidencing the sale to the stranger.
A mortgage on lands is nothing more than a security for the debt, and any thing which transfers or extinguishes the debt, transfers or discharges the mortgage an incident of the debt.
It is however contended, that a sale by Hawkins ought to be presumed; but if such a presumption is not indulged, it is urged that for the fraud in advising the sale, relief was properly given by decreeing a conveyance of the land.
Considering the evidence in the most favorable light for King, the principle is not perceived upon which the decree for the land can be sustained. If from the circumstance of Hawkins’ advising the sale to King, a previous sale by him to Wyatt could be implied, still, as there is no evidence in writing of the terms of his sale, the statute against frauds and perjuries presents an insuperable bar against its specific execution.
And with respect to the fraud of Hawkins in advising the sale, it is neither as respects him more aggravated, or as to King more injurious than that resulting from a refusal to convey land under a parol contract of sale where the consideration money has been paid and possession received; and such a case has invariably, ever since the case of Grant’s heirs against Craigmiles, 1 Bibb, 203, been considered not to authorise the chancellor to compel a conveyance of the land.
This case is not like that of a mortgage of land, when, for the fraud of the prior mortgagee in concealing his incumbrance, his lien will be postponed to that of a subsequent mortgagee.
In that case the debt is the principal, and the mortgaged estate the security. In that case equity regards the transaction as nothing else, in substance, but a debt, to which the securities are attached as incidents. In that case, as was observed by lord Mansfield, in the case of Martin against Mowlin, 2 Burr. 978, “Whatever will give the money, will carry the interest in the mortgaged land along “with it, to every purpose; that the estate in the land is “the same thing as the money due upon it; it will be liable “to debts; it will go to executors; it will pass by will not “made and executed with the solemnities required by the “statute of frauds. The assignment of the debt, or forgiving it, will draw the land after it, as a consequence; “nay, it will do it though the debt were forgiven by parol; “for the right to the land would follow, notwithstanding the “statute of frauds."
Bibb for plaintiff, Haggin for defendant in error.
In the case put, therefore, as the debt, a mere chattel interest, is, in contemplation of equity, the subject to be affected, it will, for a fraud in its concealment, be postponed to the debt of a subsequent mortgagee.
But not so in the present case Here there is no chattel interest; no debt for which the land was security; and by a transfer of which, would draw with it the land as a consequence. But here the land was the sole and exclusive subject of sale. A subject no otherwise disposable of by contract, but with the solemnies required by the statute of frauds; and for a fraud in relation to which, such as that charged against Hawkins, we apprehend, ought not, and cannot, authorise the chancellor to compel a conveyance of the title.
The decree of the court below, therefore, must be reversed with cost, and the cause remanded to that court; but as the cause was not properly prepared for hearing as to Wyatt, from whom King purchased, the bill should not be dismissed, but permission given to King, should he be disposed to do so, to prepare the cause for a final hearing, and then such a decree made as may comport with the equity of the case, and not inconsistent with this opinion.